IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE A. MANGUAL NEGRON, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY[1], <br><br> Defendant. | CIVIL NO. 20-1365 (CVR) |

**OPINION AND ORDER**

Plaintiff José Mangual Negrón ("Plaintiff") filed the present case challenging the final decision of Defendant Kilolo Kijakazi, the Commissioner of Social Security ("Defendant", or "Commissioner") denying him disability benefits. Before the Court are Plaintiff's Motion to Remand to the Social Security Administration for further administrative proceedings considering the recent United States Supreme Court cases of Lucia v. S.E.C., 138 S. Ct. 2044, 201 L. Ed. 2d 464 (2018) and Carr v. Saul, 141 S.Ct. 1352, 209 L.Ed.2d 376 (2021) and Defendant's opposition thereto. (Docket Nos. 28 and 31).

In Lucia, the Court examined the question of whether an Administrative Law Judge ("ALJ") in an enforcement proceeding before the Securities and Exchange Commission ("SEC") was an Officer of the United States within meaning of the Appointments Clause. The Court held that the SEC's Administrative Law Judges ("ALJs") were indeed Officers of the United States and therefore, had to be appointed by

---

[1] Andrew M. Saul was Commissioner of Social Security when this case was filed. On July 9, 2021, Kilolo Kijakazi became Acting Commissioner of said agency. Therefore, Acting Commissioner Kijakazi is automatically substituted as a Defendant in this case. See Fed. R. Civ. P. 25(d).

Case 3:20-cv-01365-CVR   Document 33   Filed 08/03/21   Page 2 of 4

José Mangual Negrón v. Commissioner of Social Security
Opinion and Order
Civil 20-1365 (CVR)
Page 2
_____

the President or an agency head. Lucia further held that a claimant is entitled to relief if he/she makes a timely constitutional Appointments Clause challenge to the validity of the appointment of an officer who adjudicated the case. The Supreme Court held that the appropriate remedy for an adjudication tainted with an appointment violation was a new hearing before a properly appointed official.

On April 23, 2018, the Lucia decision was published and it did not specifically apply to Social Security ALJs. However, on July 16, 2018, then acting Commissioner Nancy Berryhill ratified the appointment of all Social Security ALJs and Appeals Council judges and approved their appointments as her own to resolve any potential constitutional Appointment Clause issues.

It was not until the United States Supreme Court decided Carr on April 22, 2021, that the Lucia holding was explicitly applied to Social Security ALJs. The Carr case asked whether it was appropriate to judicially impose an issue-exhaustion requirement on Social Security claimants' constitutional challenges to the appointments of the ALJs who heard their claims. The Supreme Court ruled that exhaustion was not required, given non-adversarial nature of Social Security disability benefits proceedings.

In the case at bar, Plaintiff asks the Court to remand the case pursuant to Lucia and Carr[2] because at the first hearing on this matter, held on July 29, 2018, ALJ Victoria Ferrer ("ALJ Ferrer") had not been properly appointed. ALJ Ferrer's appointment was not ratified until a few weeks later, on July 16, 2018. Plaintiff argues that, after the first hearing, and after ALJ Ferrer was properly appointed, she continued to preside over the

---

[2] This case was filed and decided after Lucia, but prior to Carr. No issue was raised here as to Lucia's additional holding, to wit, whether the challenge to the ALJ's appointment had been timely made. The only issue raised was whether the ALJ's appointment at the time of the first hearing was constitutional.

Case 3:20-cv-01365-CVR   Document 33   Filed 08/03/21   Page 3 of 4

José Mangual Negrón v. Commissioner of Social Security
Opinion and Order
Civil 20-1365 (CVR)
Page 3
_____

case with a second supplemental hearing on October 5, 2018 and a final hearing on May 10, 2019. Therefore, he posits that ALJ Ferrer's lack of a proper appointment at the first hearing invalidated the remainder of her actions in the case. Thus, the case must be remanded for a new hearing before a new ALJ.

The Commissioner admits that ALJ Ferrer was not properly appointed at the time of the June 2018 hearing, but argues that a remand is uncalled for because the only hearing at which Plaintiff's testimony was taken, and when the decision was later issued on this claim, both took place *after* the ALJ's appointment had been ratified. The Commissioner cites the case of Dupell v. Saul, Civil No. 20-296, 2020 WL 5653467, at *2 (E.D. Pa. Sept. 23, 2020) for this proposition, arguing that the hearing in this case was akin to the one there. In Dupell, the Court ruled that no constitutional violation had occurred because it was a routine proceeding where, besides "setting the date for the hearing…. Dupell was also informed of his right to counsel and the process for obtaining medical records, the same administrative information that is regularly provided to claimants in writing". Id.

Nevertheless, that was not the situation in the instant case. As the Commissioner candidly admits, immediately upon going on the record at the June 2018 hearing, when ALJ Ferrer's appointment had not yet been ratified, counsel raised an issue about the existence of a previous claim filed by Plaintiff. A discussion took place on the record between counsel and the ALJ about whether a reopening of a redetermination of that previous claim could be presented and the location of that paperwork within the agency. The ALJ ordered Plaintiff's counsel to file a brief on the matter. Indeed, ALJ Ferrer later issued a decision on the specific issue of the redetermination on August 31, 2018, holding

Case 3:20-cv-01365-CVR   Document 33   Filed 08/03/21   Page 4 of 4

José Mangual Negrón v. Commissioner of Social Security
Opinion and Order
Civil 20-1365 (CVR)
Page 4
_____

that she was not going to consider the reopening of the redetermination as part of the case, and that she was only "going to proceed with a hearing on a new application". (Tr. p. 671). This was not, as in Dupell, a hearing where routine matters such as how to request records and the right to counsel was explained to Plaintiff, matters usually contained in written documents from the agency. On the contrary, the issue was important given the fact that it involved a previously filed disability case, and there was a possibility that the joining of both cases could have had a different result in the case. Therefore, even though the hearing was not on the ultimate merits of the case, ALJ Ferrer made an adjudication as to an important portion of the case. ALJ Ferrer had no constitutional authority to hear this matter at the time the first hearing took place. Thus, her subsequent ruling cannot pass constitutional scrutiny under Lucia and Carr.

For the reasons enumerated above, Plaintiff's Motion to Remand (Docket No. 28) is GRANTED. This case is hereby REMANDED to the Commissioner for further administrative action under sentence four of 42 U.S.C. §405(g). On remand, the Commissioner shall offer Plaintiff a new hearing before a new Administrative Law Judge, further develop the administrative record if necessary, allow the ALJ to re-evaluate medical source opinion evidence if necessary, and issue a new decision.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 3rd day of August 2021.

                                       S/CAMILLE L. VELEZ-RIVE
                                       CAMILLE L. VELEZ RIVE
                                       UNITED STATES MAGISTRATE JUDGE